PATRICK E. HIGGINBOTHAM, Circuit Judge,
concurring:
I join the panel opinion and with the freedom of writing without decisional force offer a different accent upon the appropriate role of the First Amendment in this case. To my eyes there are two settled principles in speech doctrine that inform our decision today. First, in protection of a valid interest the state need not remain neutral in its views and may engage in efforts to persuade citizens to exercise their constitutional right to choose a state-preferred course. Second, the state cannot compel a citizen to voice the state’s views as his own. It is immediately apparent that both of these principles are impli *585 cated by state regulation of doctors’ communications with their patients. It is equally apparent that, given the Supreme Court’s decision in Casey, each is fully and appropriately abided today, without diminishing their vitality.
The doctor-patient relationship has long been conducted within the constraints of informed consent to the risks of medical procedures, as demanded by the common law, legislation, and professional norms. The doctrine itself rests on settled principles of personal autonomy, protected by a reticulated pattern of tort law, overlaid by both self- and state-imposed regulation. Speech incident to securing informed consent submits to the long history of this regulatory pattern.
The Court’s decision in Casey accented the state’s interest in potential life, holding that its earlier decisions following Roe failed to give this interest force at all stages of a pregnancy and that in service of this interest the state may insist that a woman be made aware of the development of the fetus at her stage of pregnancy. Significantly, the Court held that the fact that such truthful, accurate information may cause a woman to choose not to abort her pregnancy only reinforces its relevance to an informed decision. Insisting that a doctor give this information in his traditional role of securing informed consent is permissible. Texas has done just this and affords three exceptions to its required delivery of information about the stage of fetal growth where in its judgment the information had less relevance, a legislative judgment that is at least rational.
Casey opens no unfettered pathway for states to suppress abortions through the medium of informed consent. Casey spoke of frameworks for affording a woman accurate information relevant to the risks attending her decision. Those plainly included the immediate risks of the procedure and the risks attending a failure to appreciate the potentiality of life. At the same time, Casey recognized that frameworks for obtaining informed consent to abortion must leave the ultimate decision with the woman, whose fully informed decision cannot be frustrated by the state. Today we abide Casey, whose force much of the argument here fails to acknowledge. It bears reminding that Roe survived Casey only in a recast form, relinquishing reaches that no longer support much of the criticism leveled at this Texas statute. We must and do apply today’s rules as best we can without hubris and with less sureness than we would prefer, well aware that the whole jurisprudence of procreation, life and death cannot escape their large shrouds of mystery, yet, and perhaps not, to be lifted by advances of science.